IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PENNINGTON SEED, INC. | ) | Civil Action |
| | ) | Case No. 1:09-cv-0903-BBM |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| THE SCOTTS COMPANY LLC and | ) | |
| THE SCOTTS MIRACLE-GRO | ) | |
| COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action.

Plaintiff Pennington Seed Inc.'s ("Plaintiff") complaint seeks injunctive relief and damages for violations of the unfair competition and false advertising provisions of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Georgia Uniform Deceptive Trade Practices Act, Ga. Code Ann. § 10-1-370 *et seq.*, the Georgia False Advertising Law Ga. Code Ann. § 10-1-420 *et seq.*, and the Georgia common law of unfair competition. Defendants and Counterclaimants The Scotts Company LLC and The Scotts Miracle-Gro Company (collectively "Defendants/Counterclaimants") seek

injunctive relief and damages for violations of the Lanham Act (15 U.S.C. § 1125), Georgia's Uniform Deceptive Trade Practices Act, Ga. Code Ann. §§ 10-1-370 through 10-1-375, Georgia's False Advertising statute, Ga. Code Ann. §§ 10-1-420 through 10-1-427 and common law.

  (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

  Plaintiff claims that certain advertising for Scotts® TurfBuilder® Grass Seed with WaterSmart™ makes false and misleading claims regarding Plaintiff's grass seed products as well as the superiority of Scotts® TurfBuilder® Grass Seed with WaterSmart™ versus Pennington's line of products. Defendants/Counterclaimants claim that certain advertising for Plaintiff's SmartSeed™ products is false and misleading in connection with "MYCO Advantage."

  (c) The legal issues to be tried are as follows:

  Claims to obtain injunctive relief and damages for violations of the Lanham Act (15 U.S.C. § 1125), Georgia's Uniform Deceptive Trade Practices Act, Ga. Code Ann. §§ 10-1-370 through 10-1-375, Georgia's False Advertising statute, Ga. Code Ann. §§ 10-1-420 through 10-1-427 and Georgia common law claims.

   (d) The cases listed below (include both style and Action number are:

    (1) Pending Related Cases: <u>None</u>

    (2) Previously Adjudicated Related Cases: <u>None</u>

**2.** This case is complex because it possesses one (1) or more of the features listed below (please check):

<u>Plaintiff's Response</u>

  ____ (1) Unusually large number of parties
  ____ (2) Unusually large number of claims or defenses
  <u>X</u> (3) Factual issues are exceptionally complex
  ____ (4) Greater than normal volume of evidence
  <u>X</u> (5) Extended discovery period is needed
  ____ (6) Problems locating or preserving evidence
  ____ (7) Pending parallel investigations or action by government
  <u>X</u> (8) Multiple use of experts
  ____ (9) Need for discovery outside United States boundaries
  <u>X</u> (10) Existence of highly technical issues and proof

<u>Defendants/Counterclaimants' Response</u>

  ____ (1) Unusually large number of parties
  ____ (2) Unusually large number of claims or defenses
  ____ (3) Factual issues are exceptionally complex
  ____ (4) Greater than normal volume of evidence
  ____ (5) Extended discovery period is needed
  ____ (6) Problems locating or preserving evidence
  ____ (7) Pending parallel investigations or action by government
  <u>X</u> (8) Multiple use of experts
  ____ (9) Need for discovery outside United States boundaries
  ____ (10) Existence of highly technical issues and proof

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:  <u>Ronald Y. Rothstein, Stephen P. Durchslag, Kimball R. Anderson, Winston & Strawn LLP, Michael A. Cicero, Womble Carlyle Sandridge & Rice, PLLC.</u>

Defendants/Counterclaimants:  <u>Barry W. Lee, Esq., Manatt Phelps & Phillips, Christopher Cole, Esq., Manatt Phelps & Phillips, William B. Hill, Jr., Esq., Ashe, Rafuse & Hill LLP.</u>

**4.    Jurisdiction:**

Is there any question regarding this court's jurisdiction?

___Yes          _X_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional object. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

<u>Neither Plaintiff nor Defendants/Counterclaimants are currently aware of any necessary parties who have not been joined. However, subject to the Court's approval and without waiving any rights to oppose any motion to</u>

<u>amend, the parties agree that all motions to amend to include later identified necessary parties shall be filed and served no later than July 29, 2009. The parties acknowledge that this agreement provides for an additional thirty (30) days beyond the time limitation set forth in paragraph 6(b), below.</u>

  (b) The following persons are improperly joined as parties:

<u>Neither Plaintiff nor Defendants/Counterclaimants are currently aware of any persons who are improperly joined as parties.</u>

  (c) The names of the following parties are either inaccurately stated or necessary portion of their names are omitted:

<u>Neither Plaintiff nor Defendants/Counterclaimants are currently aware of any parties that are either inaccurately stated or that a necessary portion of their names are omitted.</u>

  (d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

  (a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

<u>Plaintiff and Defendants/Counterclaimants anticipate amending their respective pleadings.</u>

 (b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.** **Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.
All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).
 (a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1
 (b) *Summary Judgment Motions*: within twenty (20) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.
 (c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
 (d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.** **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any part objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

<u>Neither Plaintiff nor Defendants/Counterclaimants object to initial disclosures and the parties have agreed that initial disclosures will be served</u>

on or before June 12, 2009.  The parties conducted the FRCP Rule 26(f) and LR 16.1 conference on Friday, May 29, 2009.

9.     **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

Plaintiff requests a scheduling conference with the Court.  Plaintiff believes a scheduling conference is necessary at this time because a dispute exists between the parties on matters addressed herein.  Those matters include the complexity of the case and the discovery track.  Plaintiff is seeking a change to the four (4)-month discovery track to which this case has been assigned to eight (8) months.  Plaintiff believes this is a highly technical case, involving numerous scientific studies and numerous technical experts.  Moreover, Plaintiff believes ESI discovery will take at least three (3) months to complete.  Plaintiff does not believe depositions should take place until document discovery, including ESI discovery, is complete.

Defendants/Counterclaimants disagree.  Defendants/Counterclaimants believe that while this case includes scientific issues, it is not a highly technical case as the key issues are whether or not Plaintiff/Counterdefendant's advertising claims are true and whether it

<u>actually possesses substantiation for claims it has been making for over a year.  ESI discovery on both sides of the case should take no longer than forty-five (45) days.  FRCP 26(a)(1)(A)(ii) required that each party identify ESI by category and location within 14 days after the parties' Rule 26(f) conference.  Thus, the parties should already have begun ESI discovery shortly after filing their respective complaints, if not before, in order to meet this deadline.  Defendants/Counterclaimants believe that it is not necessary to change the current four (4) – month discovery track as any party that needs additional time beyond the four (4) months can move for an extension of the discovery period upon a showing of good cause.  Defendants/Counterclaimants therefore do not request a scheduling conference with the Court at this time</u>

**10.    Discovery Period:**

      The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

      Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subject on which discovery may be needed:

Plaintiff and Defendants/Counterclaimants anticipate that non-expert discovery will include all test results related to respectively, Scotts® TurfBuilder® Grass Seed with WaterSmart™ and Plaintiff's SmartSeed™ products with its "MYCO Advantage;" brand development, marketing, consumer tests and surveys; advertising development for the respective products and challenged advertisements; and alleged damages.  Plaintiff and Defendants/Counterclaimants anticipate that expert discovery will include testing, testing analysis, evaluation of testing protocols, evaluation of testing methods, site visits to planting regions, inspection of testing equipment, damages, and additional surveys.  Plaintiff and Defendants/Counterclaimants expect third party discovery will involve advertising and public relations agencies, media buying agencies, agencies that measure advertising impact, testing agencies, and industry associations.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Plaintiff believes that an eight (8)-month discovery track will be necessary.  Plaintiff believes this is a highly technical case, involving numerous scientific studies and technical experts.  Moreover, Plaintiff

believes ESI discovery will take at least three (3) months to complete. Plaintiff does not believe depositions should take place until document discovery, including ESI discovery, is complete.  Plaintiff desires to minimize the need for court involvement in the discovery process and anticipates requesting a discovery extension should the four (4)-month track be adopted for this case.

Defendants/Counterclaimants do not anticipate that additional time beyond that allowed by the currently assigned four (4)-month discovery track will be necessary.  Defendants/Counterclaimants believe that if any party needs additional time beyond the four (4) months, such party can move for an extension of the discovery period upon a showing of good cause. Defendants/Counterclaimants believe that while this case includes scientific issues, it is not a highly technical case.  As noted in the Response to Number 9, Defendants/Counterclaimants believe that ESI discovery should take no longer than forty-five (45) days to complete.

**11.   Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

<u>Plaintiff and Defendants/Counterclaimants do not propose any limitations on discovery at this time.</u>

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

<u>Plaintiff and Defendants/Counterclaimants propose that a protective order should be entered and the parties will meet and confer to develop a proposed stipulated protective order for the Court's consideration by June 15, 2009.  The parties also will meet and confer to develop a proposed electronic discovery protocol for the Court's consideration by June 15, 2009.</u>

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>May 29, 2009</u>, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): <u>S/ Ronald Y. Rothstein</u>
Ronald Y. Rothstein

Other participants:  <u>Stephen P. Durchslag, Winston & Strawn, LLP; Michael A. Cicero, Womble Carlyle Sandridge & Rice, PLLC.</u>

For defendant/counterclaimant: Lead counsel (signature):

<u>S/ Barry W. Lee</u>
Barry W. Lee, Esq.

Other participants:  <u>Christopher Cole, Esq., Manatt Phelps & Phillips, Erin Stagg, Esq., Manatt Phelps & Phillips, S. Gardner Culpepper, III, Esq., Ashe, Rafuse & Hill LLP, and Tara Charnes, Esq., The Scotts Company.</u>

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.
( X ) A possibility of settlement after discovery.
(___) A possibility of settlement, but a conference with the judge is needed.
(___) No possibility of settlement.

(c) Counsel <u>agreed to hold open the possibility of</u> additional settlement conferences among themselves prior to the close of discovery. There is <u>no current</u> proposed date for the next settlement conference.

(d) The following specific problems have created a hindrance to settlement of this case:  None at this time.

## 14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) See 14(b).

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

**Counsel for Plaintiff**

**PENNINGTON SEED, INC.**

*s/ Michael A. Cicero*
Michael A. Cicero, Esq.
Ga. Bar No. 125688
mcicero@wcsr.com
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
271 17th Street, NW, Suite 2400
Atlanta, Georgia 30363-1017
Phone: (404) 872-7000
Fax: (404) 888-7490

Kimball Richard Anderson
Ronald Y. Rothstein
Stephen P. Durchslag
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Phone: (312) 558-5600
Fax: (312) 558-5700

**Counsel for Defendants**

*s/ William B. Hill, Jr.*
William B. Hill, Jr.
Ga. Bar No. 354725
Ashe, Rafuse & Hill LLP
1355 Peachtree Street, N.E.
Suite 500, South Tower
Atlanta, Georgia 30309-3232
Telephone:   (404) 253-6000
Facsimile:    (404) 253-6060

Attorney for The Scotts Company LLC and The Scotts Miracle-Gro Company

Of Counsel:

Christopher Cole, admitted pro hac vice
MANATT, PHELPS & PHILLIPS, LLP
700 12th Street, NW
Washington, D.C. 20005
Telephone:   (202) 585-6524
Facsimile:    (202) 637-1535

Barry William Lee, admitted pro hac vice
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA  94111
Telephone:   (415) 291-7400
Facsimile:    (415) 291-7474

*************
# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____
_____

IT IS SO ORDERED, this _____day of _____, 20___.

_____
BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE

90075393.1

## Certification of Compliance with Local Rule 5.1(C)

I certify that this **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** was created using Times New Roman 14-point font.

*S/ William B. Hill, Jr.*
*Counsel for Defendants*
*and Counterclaimants*

90075393.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PENNINGTON SEED, INC. | ) | Civil Action |
| | ) | Case No. 1:09-cv-0903-BBM |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| THE SCOTTS COMPANY LLC and THE SCOTTS MIRACLE-GRO COMPANY | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 9th day of June, 2009 electronically filed this **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system, which will send electronic notification to the following attorneys of record.

| | |
|---|---|
| Kimball Richard Anderson | Michael A. Cicero |
| Ronald Y. Rothstein | mcicero@wcsr.com |
| Stephen P. Durchslag | WOMBLE CARLYLE SANDRIDGE |
| WINSTON & STRAWN | & RICE, PLLC |
| 35 West Wacker Drive | 271 17th Street, NW, Suite 2400 |
| Chicago, IL 60601 | Atlanta, GA 30363-1017 |

*S/ William B. Hill, Jr.*
*Counsel for Defendants*
*and Counterclaimants*

90075393.1